894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin E. WALKER, Plaintiff-Appellant,
v.
Paul TAYLOR; Jack Morgan; Les Harrison; Cpl. Morris;
Capt. Lowe; Sgt. Bennett; Officer Hopson,
Defendants-Appellees.
 No. 89-5830.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and FRANK J. BATTISTI, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Martin Walker moves for counsel, and appeals from the district court's marginal order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Walker claimed that the defendants, who are the warden, certain correctional officers, a counselor, and the librarian at Tennessee State Prison, denied him access to the courts during his temporary transfer to Tennessee State Prison for a state post-conviction proceeding in Nashville. He also claimed that he was subject to cruel and unusual treatment in violation of his constitutional rights. He requested damages and injunctive relief.
 
 
 5
 The megistrate held an evidentiary hearing to determine whether the claims were frivolous or malicious. After reviewing the resulting report and recommendation and Walker's objections, the district court dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 6
 On appeal, Walker argues that he was denied access to the courts.
 
 
 7
 Upon review, we conclude that the complaint was properly dismissed because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist.
 
 
 8
 Walker claimed that he was denied access to the courts in his state post-conviction proceeding because Tennessee State Prison officials confiscated a tape recording that Walker had with him and because he was denied access to that prison's law library and law books. This claim lacks an arguable basis in law. The right of access to the courts guarantees an inmate either access to a law library or the assistance of legally trained personnel. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Walker was represented by counsel during his state post-conviction proceedings. In addition, the tape that was temporarily seized was returned to Walker two days later, and he was able to give it to his counsel. His counsel advised him that a transcript of the tape was already part of the state court files in Walker's state post-conviction proceedings.
 
 
 9
 For these reasons, the motion for counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation